# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MACK, | CASE NO. 1:09-cv-02078 AWI GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| SUSAN HUBBARD, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132..  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation nat Corcoran State Prison, brings this ADA action against officials employed by the CDCR at Corcoran State Prison. Plaintiff names 27 individual defendants.

Plaintiff alleges that he suffers from a "chronic and serious foot disability" and is required to wear orthopedic footwear. Plaintiff alleges that "prison officials" confiscated and disposed of his footwear. (Compl. ¶ 23.) Plaintiff was forced to wear shoes with no supports for over 28 months. (Compl. ¶ 24.) Plaintiff alleges that after filing inmate grievances, and multiple medical visits, a podiatrist recommended soft shoes. The podiatrist failed to recommend any particular specifications. Plaintiff was not issued the soft soled shoes. (Compl. ¶ 31.)

On February 7, 2008, Plaintiff was summoned to the medical clinic, and offered strap-on soft soled shoes "sent from the laundry." Plaintiff alleges that they were not properly designed for his foot condition, and that "no further accommodations or treatment or preventive measures have followed since." (Compl. ¶ 33.)

In April of 2008, the podiatrist recommended foot surgery. Plaintiff had "several re-consults," and was approved for foot surgery by an outside orthopedic surgeon on January 12, 2009. On January 23, 2009, the Acting Chief Medical Officer rejected the recommendation and cancelled the surgery. (Compl. ¶¶ 34-37.) Plaintiff contacted a private organization, the Prison Law Office. The Prison Law Office "contacted the Attorney General's Office under the procedures set forth under

the Plata stipulation." (Compl. ¶ 39.)

On March 10, 2009, Plaintiff was seen at the prison hospital. It was determined that surgery was warranted, and another request for surgery was issued. It was also determined that the soft shoes issued earlier were "medically inappropriate." Another chrono for personal footwear was issued. On March 17, 2009, Plaintiff's shoes, ordered on March 12th, were received at the prison. Plaintiff alleges that he was given the run around, and eventually told that the shoes were lost. The shoes were re-ordered, and Plaintiff eventually received them on October 5, 2009. Plaintiff alleges that the shoes did not fit. (Compl. ¶ 66.)

Plaintiff underwent foot surgery on March 30, 2009. Plaintiff alleged that the surgery was performed negligently, as the procedure was only performed on one toe, and not the other toes that were affected. (Compl. ¶ 45.)

**A.    ADA**

Plaintiff seeks to impose liability for violation of Title II of the Americans with Disabilities Act, which "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff has not alleged any facts with support a claim for violation of the ADA. The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Aside from Defendants' medical treatment decisions of which Plaintiff complains, and which are not an appropriate basis upon which to predicate an ADA claim, Plaintiff alleges no facts to show that any named Defendant participated in, or was otherwise responsible for, excluding him from activities, programs or benefits otherwise available to him. Therefore, Plaintiff

3

fails to state a cognizable claim for violation of his rights under Title II of the ADA.

**B.      Eighth Amendment**

Although Plaintiff fails to identify 42 U.S.C. § 1983 as a separate cause of action, he does specifically set forth a claim that Defendants were deliberately indifferent to his medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

To state a claim under section 1983, Plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

4

Here, Plaintiff alleges conduct as to correctional staff in general. In order to hold Defendants liable, Plaintiff must allege facts as to each Defendant indicating that they knew of and disregarded Plaintiff's serious medical condition. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff is advised the deliberate indifference is a higher legal standard than negligence. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983 or the ADA. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **November 1, 2011**              /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

6